**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sylvester Keejaun King, Appellant.

Appellate Case No. 2015-002541

———————————

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-195
Submitted April 1, 2018 – Filed May 9, 2018

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Alphonso Simon, Jr., both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, all for Respondent.

**PER CURIAM:** Sylvester Keejaun King appeals his convictions of murder and possession of a weapon during the commission of a violent crime, for which the trial court sentenced him to an aggregate term of life imprisonment. On appeal, King argues the trial court abused its discretion in allowing two instances of

inadmissible hearsay testimony. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in allowing Deputy Suber's testimony: Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *State v. Ladner*, 373 S.C. 103, 116, 644 S.E.2d 684, 691 (2007) ("The general rule is that hearsay is not admissible."); *id.* ("There are, however, numerous exceptions to this rule, such as the excited utterance exception."); *id.* ("The rules of evidence define excited utterance as a 'statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.'" (quoting Rule 803(2), SCRE)); *State v. Sims*, 348 S.C. 16, 20, 558 S.E.2d 518, 521 (2002) ("The rationale behind the excited utterance exception is that the startling event suspends the declarant's process of reflective thought, reducing the likelihood of fabrication."); *State v. Stahlnecker*, 386 S.C. 609, 623, 690 S.E.2d 565, 573 (2010) ("Three elements must be met for a statement to be an excited utterance: (1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition."); *Ladner*, 373 S.C. at 116, 644 S.E.2d at 691 ("A court must consider the totality of the circumstances when determining whether a statement falls within the excited utterance exception, and that determination is left to the sound discretion of the trial court."); *Stahlnecker*, 386 S.C. at 623, 690 S.E.2d at 573 ("The passage of time between the startling event and the statement is one factor to consider, but it is not the dispositive factor."); *Sims*, 348 S.C. at 22, 558 S.E.2d at 521 ("Other factors useful in determining whether a statement qualifies as an excited utterance include the declarant's demeanor, the declarant's age, and the severity of the startling event.").

2. As to whether the trial court erred in allowing Investigator Peeples's testimony: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**